IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIK MILLS, # M-39137, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-526-JPG |
| | ) |
| ILLINOIS DEPARTMENT of | ) |
| CORRECTIONS, | ) |
| SALVADOR GODINEZ, | ) |
| THOMAS SPILLER, | ) |
| AMBER CARRINGTON, | ) |
| and MICHAEL EDWARDS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, based on incidents that occurred while he was confined at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff is serving concurrent sentences of four and a half years for two drug offenses. He claims that he was beaten by prison guards, denied medical attention, and placed in indefinite punitive segregation after being found guilty of several disciplinary infractions in an improperly conducted hearing.

More specifically, Plaintiff alleges that on March 9, 2014, two other inmates assaulted prison staff while a group of prisoners were moving from the dietary area to their housing unit (Doc. 1, pp. 7, 10; Doc. 1-1, p. 2). Plaintiff was in the area but was not involved in the fight. The prison was placed on lock-down and the two primary assailants (Narduci and Rosas) were transferred out of Pinckneyville.

The next day (March 10), investigators interviewed numerous prisoners including Plaintiff, in an effort to identify one or more other inmates who struck guards during the incident. Plaintiff refused to give any information to interviewer Sean Furlow (who is not named as a Defendant), and stated it was not his fight (Doc. 1, p. 7). Plaintiff was then taken to segregation and beaten by unidentified officers ("Orange Crush") who wore tactical gear that covered their faces and name tags. He suffered a swollen eye, busted lip, and injuries to his rib area. Plaintiff does not include these officers as Defendants.

After the beating, Plaintiff was stripped of his clothing and shoes, and was kept in a segregation cell for four days without food, toothpaste, tissue, soap, or bedding. Prison staff (whom he does not identify) refused to give Plaintiff any medical attention.

On March 21, 2014, Plaintiff was taken for an Adjustment Committee hearing on several disciplinary charges: Assault on Staff, Dangerous Disturbances, Impeding or Interfering with an Investigation, Giving False Information to an Employee, and Insolence (Doc. 1, pp. 7, 10). Plaintiff never received a copy of the ticket containing the charges against him at any time before the hearing (Doc. 1, pp. 7-8; Doc. 1-1, p. 3). The hearing summary, which he obtained later, notes that Plaintiff was identified by numerous confidential sources as the black male inmate who struck two guards (Doc. 1, p. 10). Defendants Edwards and Carrington conducted Plaintiff's disciplinary hearing, and read the charges to Plaintiff; this was apparently the first time he was informed of the charges he faced. They refused to continue the hearing, and Plaintiff was unable to prepare a defense or call witnesses to contest the charges. Defendants Edwards and Carrington found Plaintiff guilty of all the charges, and he was punished with indeterminate segregation, a loss of one year of good conduct credits, and the revocation of other privileges (Doc. 1, pp. 8, 11). Defendant Spiller (Chief Administrative Officer at Pinckneyville)

approved the disciplinary action.

After the conclusion of the March 21, 2014, hearing, Plaintiff was transferred to Lawrence (Doc. 1-1, p. 3).  He finally received a copy of the disciplinary hearing report on April 2, 2014, from a staff member at Lawrence.

Along with his complaint, Plaintiff filed a motion for "temporary injunction," invoking Federal Rule of Civil Procedure 65(a) (Doc. 2).  Based on the serious procedural flaws in his disciplinary hearing, he seeks an order to release him from the indeterminate segregation that was imposed upon him on March 21, 2014.  He notes that he is due to complete his current sentences on August 5, 2015 (Doc. 2, p. 2).

Plaintiff further seeks damages and adjustment of his disciplinary violations (Doc. 1, p. 9).

Plaintiff attaches affidavits to his motion for injunctive relief and memorandum of law, stating that another inmate prepared his complaint and other documents for him because he "does not know how to read, write, or spell well" (Doc. 1-1, p. 4; Doc. 2, p. 3).  This inmate was scheduled to be transferred on April 30, 2014, so is no longer available to assist Plaintiff.  Moreover, he claims there is "no legal help" available to inmates in segregation at Lawrence (Doc. 1-1, p. 4).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action, which shall receive further review:

**Count 1:** Fourteenth Amendment claim for deprivation of a liberty interest without due process, against Defendants Carrington and Edwards, for imposing an indeterminate term of segregation on Plaintiff after failing to provide him advance notice of the disciplinary charges and failing to allow him a continuance to prepare a defense and call witnesses;

**Count 2:** Eighth Amendment claim for excessive force, against Unknown (John Doe) Defendants on the Pinckneyville Orange Crush team, who beat Plaintiff on March 10, 2014;

**Count 3:** Eighth Amendment claim for deliberate indifference to medical needs, against the Unknown (John Doe) Defendants on the Pinckneyville Orange Crush team, for denying Plaintiff medical attention after they beat him on March 10, 2014, and against other Unknown (John Doe) Defendants who denied Plaintiff medical attention during his stay in segregation area 5C, Cell 77, between March 10 and March 21, 2014;

**Count 4:** Eighth Amendment claim against Unknown (John Doe) Defendants who subjected Plaintiff to unconstitutional conditions of confinement by denying him food, clothing, bedding, and necessary hygiene items for four days following March 10, 2014.

**Count 1 – Due Process**

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-572.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). The Supreme Court has also held that due process requires that the findings of the disciplinary tribunal must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Even a meager amount of supporting evidence is sufficient to satisfy this inquiry. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

Plaintiff asserts that Defendants Carrington and Edwards violated the 24-hour advance notice requirement as well as his right to call witnesses and present a defense. Plaintiff's limited literacy suggests that he may also have been entitled to an advocate to help him present his defense, but he does not indicate whether he requested such assistance. These allegations of procedural due process violations satisfy the initial component of a claim for an unconstitutional deprivation of liberty.

Two additional elements must also be considered together, in order to determine whether the imposition of segregation implicates a protected liberty interest: the duration of the punitive segregation, and the conditions of that confinement. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009); *see also Hardaway v. Meyerhoff*, 734 F.3d 740, 743-44 (7th Cir. 2013). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her disciplinary confinement impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997) (in light of *Sandin*, "the right to litigate disciplinary confinements has become vanishingly small"). For prisoners whose punishment includes being put in disciplinary segregation, under *Sandin*, "the key comparison is between disciplinary segregation and nondisciplinary segregation rather than between disciplinary segregation and the general prison population." *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997).

The indeterminate length of Plaintiff's disciplinary segregation, which could potentially last well over a year until his prospective release date of August 4, 2015, meets the durational element of the test outlined in *Marion*. However, Plaintiff does not describe the conditions under which he has been confined in segregation since March 21, 2014. Thus, the claim in Count 1

shall proceed for further factual development regarding the conditions of his disciplinary segregation. *See Marion*, 559 F.3d at 697-98.

**Defendants Spiller, Godinez, and Illinois Department of Corrections**

Plaintiff names Defendant Spiller (the Pinckneyville Warden) in connection with the due process violations as well as the denial of medical attention and deprivation of food and other necessities for his initial four days in segregation. However, his factual allegations state only that Defendant Spiller approved the disciplinary action recommended by Defendants Carrington and Edwards. Defendant Spiller is not alleged to have been present at the flawed disciplinary hearing or to have been aware of the procedural violations Plaintiff describes herein. Likewise, the complaint does not suggest that Defendant Spiller was aware of or personally involved in the denial of medical attention or other deprivations described in Counts 2 through 4.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Mere administrative approval of an allegedly unconstitutional disciplinary sanction does not amount to the personal involvement that is required to trigger potential liability in a civil rights claim. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Further, Defendant Spiller cannot be held liable as a supervisor for the unconstitutional acts of his subordinate employees. The doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville*, 266 F.3d at 740. For these reasons, Plaintiff fails to state a claim upon which relief may be granted against Defendant Spiller, in any of the counts herein.

However, Defendant Spiller shall remain as a party to this action at this time, in his

official capacity only, in order to facilitate Plaintiff's discovery of the identities of the Unknown (John Doe) Defendants who were personally responsible for the violations alleged in Counts 2-4. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555-56 (7th Cir. 1996) (collecting cases) (courts may employ various means to assist pro se prisoner in identifying parties who may have violated his rights).

Likewise, Plaintiff has not alleged any personal involvement on the part of Defendant Godinez (Director of the Illinois Department of Corrections – IDOC) in any of the constitutional violations. Indeed, he fails to mention Defendant Godinez at all in the body of the complaint. Accordingly, Plaintiff states no claim upon which relief may be granted against Defendant Godinez. However, Plaintiff is seeking injunctive relief with reference to his placement in indefinite segregation, and he is now housed in a different institution from where his claims arose. For these reasons, Defendant Godinez shall remain in the action, in his official capacity only. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

Finally, the Illinois Department of Corrections shall be dismissed as a party to this action. Plaintiff cannot maintain a suit for damages against the IDOC, because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). While injunctive relief may be ordered against the IDOC, if the Court

ultimately finds that an injunction should issue, the retention of Defendant Godinez as a party will suffice to ensure implementation of such an order. Inclusion of the IDOC for this purpose is duplicative and unnecessary.

**Unknown (John Doe) Defendants**

As noted above, Plaintiff has not identified by name any of the individuals responsible for the beating in Count 2, the failure to provide medical treatment in Count 3, or the deprivations of food and other necessities in Count 4. In order for these claims to proceed, Plaintiff must amend his complaint to identify these Unknown Defendants and describe what they did to violate his rights. In order to state a claim for deliberate indifference to medical needs, the complaint must show that a defendant knew that the plaintiff had a serious medical condition or injury, yet acted or failed to act in disregard of the risk of harm to him. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). Likewise, in order to be held liable for subjecting Plaintiff to unconstitutional conditions of confinement, a defendant must have been aware of the fact that Plaintiff had not been fed or given other basic necessities, but failed to take steps to meet those essential needs. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992).

Plaintiff shall note that an amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, an amended complaint must stand on its own, without reference to any other pleading, and must include the allegations supporting each of the claims remaining in the action. Any exhibits to the complaint must also be re-filed along with an amended complaint. An amended complaint shall be subject to a merits review pursuant to § 1915A.

**Loss of Good Conduct Credit**

Plaintiff does not request the Court to consider restoration of the good conduct credits that were revoked as a result of the contested disciplinary action, nor can this matter be properly raised in a civil rights action under § 1983.  A loss of good time credit does implicate a liberty interest because such a loss potentially affects the length of Plaintiff's sentence.  However, the proper method for challenging the revocation of good time credit in federal court is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts.  *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994).  The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner.  *See Turner-El v. West*, 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)).  The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 Illinois Compiled Statutes 5/14-101 *et seq.*, to consider the merits of any claim for restoration of good conduct time.

**Pending Motion**

Plaintiff's motion for temporary injunction (Doc. 2) is hereby **REFERRED** to United States Magistrate Judge **Philip M. Frazier**, who shall resolve the request for injunctive relief as soon as practicable, and issue a report and recommendation.  Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to Judge **Frazier.**

Plaintiff has not requested the Court to recruit counsel in this matter, nor has he indicated whether he has attempted to obtain an attorney on his own or been effectively prevented from doing so.  *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).  However, his allegations of

limited literacy and the fact that a "jailhouse lawyer" (who is no longer available) prepared his pleadings suggest that this matter may be appropriate for consideration. *See Santiago v. Walls*, 599 F.3d 749, 763-64 (7th Cir. 2010). If Plaintiff wishes to request the Court to attempt to recruit counsel for him, he must file a motion. Of course, the Court can draw no conclusion at this time regarding the merits of such a motion, and notes that the availability of attorneys willing to accept an appointment is limited.

**Disposition**

The Clerk is **DIRECTED** to add the following party Defendants: **UNKNOWN (JOHN DOE) ORANGE CRUSH TEAM**, Pinckneyville, March 10, 2014, and **UNKNOWN (JOHN DOE) SEGREGATION OFFICERS,** Pinckneyville Segregation 5C, Cell 77, March 10-21, 2014.

The Clerk is further **DIRECTED** to mail Plaintiff a blank form motion for recruitment of counsel and the Pro Se Litigant Guide.

**DEFENDANT ILLINOIS DEPARTMENT of CORRECTIONS** is **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **GODINEZ, SPILLER, CARRINGTON,** and **EDWARDS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent

authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for temporary injunction (Doc. 2).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge

Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 2, 2014**

*s/ J. Phil Gilbert*_____
United States District Judge