IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIK MILLS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:14-cv-526-JPG-PMF |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff Erik Mills' motion for injunctive relief, which is evaluated as a motion for a temporary restraining order (Doc. No. 2). Mills is challenging the conditions of his confinement at Lawrence Correctional Center and Pinckneyville Correctional Center. The motion before the Court pertains to Count 1. In Count 1, Mills claims that, while confined at Pinckneyville Correctional Center, he was deprived of a liberty interest without due process in violation of the Fourteenth Amendment. Mills says he is serving disciplinary sanctions, including an indeterminate period of segregated confinement and a deprivation of good conduct credits. Accepting Mills' allegations, sanctions followed disciplinary proceedings that were inadequate due to insufficient advance notice of the charged violations and an insufficient opportunity to present a defense.

For the following reasons, the motion should be denied. The undersigned further submits a sua sponte recommendation that Count 1 be dismissed without prejudice to Mills' right to challenge the disciplinary sanctions by filing a petition for a writ of habeas corpus after he has exhausted available state court remedies.

## I.     Injunctive Relief

Mills seeks an order directing officials at Lawrence Correctional Center to release him from segregated confinement. In order to establish that he is entitled to injunctive relief, Mills must show that he has some likelihood of success on the merits of Count 1, that he does not have an adequate remedy at law, and that he will suffer irreparable harm if the injunction is not granted. *Exell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011). The Court must also consider the public interest, weighing factors in a sliding scale approach. *Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). Injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

Mills does not have any likelihood of success on the merits of Count 1, a § 1983 procedural due process claim. Mills does not have a viable due process claim at this time because the disciplinary sanction he challenges includes a revocation of good conduct credits (Doc. No. 2, p. 5). Good conduct credits affect the length or duration of Mills confinement. In these circumstances, Mills' sole remedy lies in habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 750-52 (2004); *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004)("State prisoners who want to challenge . . . orders revoking good time credits . . . must seek habeas corpus, because they contest the fact or duration of custody"). Even if this Court were to construe Count 1 as a petition for a writ of habeas corpus, the claim would still lack merit at this time because Mills cannot proceed in habeas corpus in federal court until he has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1). Inmates confined in Illinois who have been deprived of good conduct credits have an available state court remedy by filing a complaint for mandamus. 735 ILCS 5/14-102; *McAtee v. Cowan*, 250 F.3d 506, n. 2 (7th Cir. 2001). This state court remedy

further detracts from the merit of Mills' procedural due process claim. To the extent that remedy is adequate, it provides the process due. *See Zinermon v. Burch*, 494 U.S. 113, 132 (1990)(recognizing that post-deprivation remedies might satisfy due process where the deprivation is of a liberty interest rather than a property interest). In addition to his state court remedy, Mills may file an administrative grievance challenging the disciplinary sanction.

Mills cannot show that he will suffer irreparable harm if an injunction is not granted. Mills is segregated from the general prison population. Unlawful disciplinary decisions may be expunged and unlawful periods of segregated confinement can be remedied through a damage award. The motion for injunctive relief (Doc. No. 2) lacks merit and should be denied.

## II. Sua Sponte Dismissal of Count 1

As noted above, Mills is challenging a decision revoking one year of statutory good time/ good conduct credits. Because the disciplinary sanctions alter the length or duration of Mills' confinement, his procedural due process claim may only proceed in habeas corpus. Count 1 should be dismissed without prejudice to Mills' right to file a federal petition for a writ of habeas corpus after he exhausts state court remedies (by filing a complaint for mandamus).

## III. Conclusion

IT IS RECOMMENDED that the motion for injunctive relief (Doc. No. 2) be DENIED.

IT IS FURTHER RECOMMENDED that Count 1 be DISMISSED without prejudice. If these recommendations are adopted, this action will proceed against defendant Spiller on Counts 2, 3, and 4.

SUBMITTED: <u>June 19, 2014</u>.

       s/Philip M. Frazier
       PHILIP M. FRAZIER
       UNITED STATES MAGISTRATE JUDGE