# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIK MILLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-526-SMY-PMF |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Erik Mills, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this action challenging the conditions he experienced while confined at Lawrence Correctional Center and Pinckneyville Correctional Center. He is proceeding on three Counts alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment (*see* Doc. 41).[1] Pending before the Court is the Motion for Summary Judgment filed by Defendants Jason Contese, Terry Graham, Jeff Miller and Eric Rangler (Doc. 62).

Defendants assert that, to the extent Mills filed administrative grievances related to the claims brought against them in Counts 2, 3, and 4, he failed to properly exhaust by filing this action before the grievances were finally resolved. Mills' response to the motion was due on June 1, 2015. On December 10, 2015, the Court ordered Mills file a response to the motion by December 21, 2015 and warned that the absence of a response would be construed as an

---

[1] Mills's original complaint contained five counts against numerous Defendants (*see* Doc. 1). On July 21, 2014, the Court dismissed without prejudice Count I of Plaintiff's Complaint against the IDOC (*see* Doc. 19). On January 16, 2015, he was granted leave to file an amended complaint against Defendants Contese, Graham, Miller, and Rangler on Counts 2, 3, and 4 only (*see* Doc. 41). Mills was denied leave to file an amended complaint as to Count 5 because the proposed factual allegations did not plausibly state a claim. *Id*.

admission that all arguments raised in the motion had merit (Doc. 68).  To date, Plaintiff has not filed a response to the motion.  For the following reasons, Defendants' motion is **GRANTED**.

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit.  42 U.S.C. § 1997e(a).  The Supreme Court has held that exhaustion of administrative remedies must be done "properly," because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Woodford v. Ngo,* 548 U.S. 81, 90–91 (2006).  Proper exhaustion requires that a prisoner must file complaints and appeals in the place, at the time, and in the manner that the prison's administrative rules require.  *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002).  Failure to exhaust is an affirmative defense that must be pleaded and proved by the defendant.  *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008).

In this case, Defendants assert that they are entitled to judgment as a matter of law because (1) Plaintiff did not appeal any grievances to the ARB relating to his claims; (2) even if the Court determines that Plaintiff's grievances relate to his claims in this case, Plaintiff filed his complaint prior to the ARB responding to his grievances; and (3) Plaintiff failed to adequately identify or describe the Defendants (*see* Doc. 63).  The Court has reviewed the materials on file and finds that Defendants have satisfied their burden of proof as to the affirmative defense of failure to exhaust administrative remedies. Furthermore, Plaintiff has failed to submit any evidence or argument contradicting Defendants' assertions.

Accordingly, Defendants' Motion for Summary Judgment (Doc. 62) is **GRANTED**.  Counts 2, 3, and 4 of the Complaint are **DISMISSED without prejudice** for failure to exhaust prior to bringing suit.   As no claims remain for a decision, the Clerk is **DIRECTED** to enter judgment and close this case.  If any party wishes to appeal, a notice of appeal must be filed

within 30 days after entry of judgment.  A notice of appeal is timely if it is deposited in a correctional institution's internal mail system on or before the last day for filing.  If any party wishes to ask for a new trial or to alter or amend the judgment, that motion is due within 28 days, and there is an exception from the general rule for extending time.  Any party wishing to challenge this decision should consult Fed. R. Civ. P. 59, 6; Fed. R. App. P. 4, 12.

**IT IS SO ORDERED.**

**DATED:  January 15, 2016**

<u>**s/ Staci M. Yandle**</u>
**STACI M. YANDLE**
**United States District Judge**